# No. 23-50131

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

**United States of America,**
Plaintiff-Appellee,

v.

**Raymond Charles,**
Defendants-Appellants.

———————————

On Appeal from the United States District Court
for the Western District of Texas

———————————

**Government-Appellee's Unopposed Motion to Continue Stay**

The United States respectfully asks this Court to continue to hold this appeal in abeyance until the Court issues its decision in another case involving the same issue, *United States v. Diaz*, No. 23-50452, which will be argued on July 10. That case, like this one, involves a Second Amendment challenge to 18 U.S.C. § 922(g)(1), the federal law that prohibits felons from possessing firearms.

## Relevant Facts

Charles is a convicted felon. (ROA.357-61.) In 2022, law enforcement officers in Odessa, Texas, stopped the truck he was driving and found drugs and a loaded semi-automatic pistol near the driver's seat. (ROA.355.)

Charles was charged in the Western District of Texas with possessing a firearm as a felon. (ROA.27.) *See* 18 U.S.C. § 922(g)(1). He moved to dismiss the indictment, claiming that § 922(g)(1) violates the Second Amendment both facially and as applied to him under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (ROA.116-31.) His motion was denied. (ROA.171-72.) Charles was found guilty at a stipulated bench trial and sentenced to 235 months in prison. (ROA.187-89, 291-92.)

On appeal, Charles has reiterated his Second Amendment challenge to § 922(g)(1). The Court placed the appeal in abeyance pending the Supreme Court's decision in *United States v. Rahimi*, 22-915. Last Friday, the Court issued its decision in *United States v. Rahimi*, 2024 WL 3074728 (U.S. Jun. 21, 2024), in which it clarified the framework for assessing challenges to firearm regulations and upheld § 922(g)(8), a provision neighboring the one here. *See id.* at *5–11.

## Request for Relief

This Court should continue to hold this appeal in abeyance because its ruling in a fully briefed, soon-to-be-argued appeal will likely decide key issues pertinent to the outcome here. This Court will address a Second Amendment challenge to § 922(g)(1) in *United States v. Diaz*, No. 23-50452, which is scheduled for argument on July 10, 2024. Although the Supreme Court's decision in *Rahimi* favors the government's position here in several respects, its ramifications for § 922(g)(1) have not been decided. Awaiting a decision in *Diaz* before proceeding here would promote judicial economy,

encourage uniformity, and reduce needless supplemental briefing. Awaiting a decision in *Diaz* would not put Charles in a position different from other defendants with similar challenges who are also awaiting guidance on § 922(g)(1) from this Court, such as *United States v. Mireles*, No. 23-50601, and *United States v. Banuelos*, No. 23-50731.

For these reasons, the Court should continue to hold this appeal in abeyance pending its decision in *United States v. Diaz*, No. 23-50452.

                    Respectfully submitted,

                    JAIME ESPARZA
                    United States Attorney

                    /s/ ***Elizabeth Berenguer***
                    ELIZABETH BERENGUER
                    Assistant United States Attorney
                    Western District of Texas
                    601 N.W. Loop 410, Suite 600
                    San Antonio, Texas 78216
                    (210) 384-7090
                    elizabeth.berenguer@usdoj.gov

## Certificate of Conference

The undersigned counsel has conferred with Charles's counsel about this motion. This motion is unopposed.

## Certificate of Service

On June 24, 2024, I filed this brief through this Court's electronic case-filing system, which will serve it on all registered counsel.

*/s/ Elizabeth Berenguer*
ELIZABETH BERENGUER
Assistant United States Attorney

## Certificate of Compliance

1. This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains **429** words; and

2. This document complies with the typeface requirements of Federal Rule Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in size-14 Century Schoolbook font.

*/s/ Elizabeth Berenguer*
ELIZABETH BERENGUER
Assistant United States Attorney